## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA,
## FORT MYERS DIVISION

**SUZETTE G. SCOTT WARREN,**                    Case No.: _:__-cv-____

**Plaintiff,**

**v.**

**CITY OF FORT MYERS, FLORIDA,**

**a Florida Municipal Subdivision,**

**Defendant.**

_____/

### PLAINTIFF SUZETTE G. SCOTT WARREN'S COMPLAINT

Plaintiff, Suzette G. Scott Warren, by and through her undersigned counsel, files this, her complaint against Defendant, City of Fort Myers Florida, a Florida Municipal Subdivision (hereinafter, "Defendant"), an employer as defined in the state of Florida, and states as follows in support thereof:

### NATURE OF THE ACTION

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act of 1964 42 U.S.C. 2000e et seq. with regard to her gender and the Florida Civil Rights Act F.S. 760.10, with regard to her gender and disabilities per the ADA Amendments Act of 2008 42 U.S.C. ch. 126 § 12101 et seq.

### PARTIES

2. Suzette Warren is an African American woman currently residing in, Lee County, Florida. She is a citizen of the United States and a resident of the state of Florida. Plaintiff is a person entitled to protection pursuant to the provisions of the Civil Rights Act of 1964 42 U.S.C. 2000e et seq.

3. During all relevant times, Plaintiff was an employee of Defendant.

4. Defendant is a church a Florida city that operates a police department located in Lee County, Florida.

5. At all times relevant to the allegations in this Complaint, Defendant operated from that facility in Fort Myers, Florida.

6. At all relevant times, Defendant employed more than 15 people.  Defendant was the employer of Plaintiff at all times relevant to this action.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based upon the 29 U.S.C. §§ 621 et seq. This Honorable Court has jurisdiction over this matter as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution and poses a question of federal law.

8. The Fort Myers District Court is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(l) and (b)(2) because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## VENUE

9. The unlawful employment practices alleged below were within the state of Florida, in Sarasota. Accordingly, venue lies in the United States District Court for the Middle District of Florida, Tampa Division under 29 U.S.C. § 1391(b) and 28 U.S.C. § 1391(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed this action, as was her right, after receiving a written notice of right to sue from the U.S. Equal Employment Opportunity Commission, Tampa office.  A copy of said decision is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full. Plaintiff regrets said EEOC has failed to effect voluntary compliance with the requirements of the ADA Amendments Act of 2008 42 U.S.C. ch. 126 § 12101 et seq. and The Civil Rights Act of 1964, as amended, 42 U.S.C. § 20003 et seq. on the part of said Defendant.

## STATEMENT OF FACTS

11.　　Ms. Warren was terminated from her employment with the City of Ft. Myers, Florida on May 2, 2019.

12.　　She began working for Defendant in 2015.

13.　　Suzette Warren was sexually harassed and retaliated against by Lt. William Mustane.

14.　　She worked as a records clerk for the Ft. Myers police department.

15.　　Early in her supervision by Lt. Mustane, a female co-worker told her she didn't need to worry because Lt. Mustane 'likes black girls.'

3

16.     Lt. Mustane insisted on performing a "uniform inspection" upon her.

17.     Ms. Warren is African American.

18.     Ms. Warren asked for a female employee to conduct future inspections.

19.     Several months prior, Lt. Mustane told Ms. Warren to pull up the zipper on her skirt.  He did this in front of a group of co-workers.  He said this in a loud voice to solicit a reaction from her co-workers.

20.     In a meeting the morning after the inspection with H.R., Ms. Warren stated she felt unconformable and sexually harassed.

21.     Lt. Mustane met with Ms. Warren alone in his office, which made Ms. Warren uncomfortable.  Previously he had always had another employee present.

22.     She had a panic attack after the Lt. confronted her about her complaint in an H.R. meeting attended by four people including Lt. Mustane.  She did not understand why H.R. insisted on having the person she was complaining about (Lt. Mustane) present at the meeting.

23.     The resulting stress caused a prior back injury to re-aggravate.

24.     In total, Ms. Warren was placed on administrative leave at two different times by Lt. Mustane.  The first time, she was not given a reason why she was put out on medical leave.  The second time, she had taken ill at work due to the hostile work environment created by Lt. Mustane.

25.     Ms. Warren was not permitted to have co-workers offer "banked" time as has been done with other similarly situated employees.

26.     While on her second medical leave, she was fired.

27.     The Fort Myers News Press reported in 2016 in an 11-page article[1] on civil rights suits against the Ft. Myers Police Department.

28.     Lt. Mustane is individually named, pictured and featured in the article as the main subject of four of five civil rights suits in recent years against the instant Defendant[2].

29.     Upon in formation and belief, Lt. Mustane is still employed by Defendant.

30.     Defendant negligently retained Lt. Mustane in its employ when it had overwhelming evidence of his commission of racial and sexual discrimination against subordinate employees.

31.     The 2106 News-Press claims five officers of Defendant sued the Defendant for civil rights violations in a sixteen-year period.

32.     Then City Councilman Johnny Streets, a former officer with Defendant stated, "The people who created these issues (within the department) are still

---

[1] Accusations of discrimination, retaliation persist at Fort Myers Police Department, *Fort Myers News-Press*, April 17, 2016.
[2] Including *Thomas v. City of Fort Myers Police Department,* 2:13-cv-00075-SPC-CM.  In this case, Plaintiff claims she complained about disparate treatment based on race and gender for over a decade, to no avail.  The matter settled in 2015.

there…Settling lawsuits without admitting wrongdoing causes a systematic problem if you don't get to the source."

33.    Quoted in the same article was Gretchen Eberhardt, who filed a charge of racial discrimination and retaliation with EEOC against the instant Defendant, "Yes there is discrimination…there is a fear (of retaliation) in the department."

34.    Ms. Warren did not know when she filed her charge of discrimination or received her notice of rights, the severity of past allegations against Lt. Mustane.

35.    Ms. Warren suffers from a variety of disabilities.  As she was not given a reason for the medical leaves she was put on by her employer, she was perceived as disabled.

## STATEMENT OF CLAIMS COUNT I: RETALIATION

36. Plaintiff realleges and incorporates in this Count I Paragraphs 12 through 35.

37. This is a cause of action for retaliation under the Civil Rights Act of 1964 42 U.S.C. 2000e et seq.

38.   Plaintiff engaged in statutorily protected activities of requesting reasonable accommodations with regard to uniform inspections and supervision free from sexually hostile workplace.

39. She suffered adverse employment actions.

40. The causal link between these events is demonstrated, at least in part, by the close proximity in time between events.

41. But-for the discrimination and retaliation by the Defendant's agents toward Plaintiff, she would be employed by Defendant.

42. Defendant's refusal to accommodate Plaintiff to her proper position was in retaliation against Plaintiff.

## COUNT II: DISABILITY DISCRIMINATION

43. Plaintiff restates, realleges, revers and hereby incorporates by reference any and all allegations of paragraphs 12 through 35, inclusive, herein.

44. Plaintiff suffers from one or more physical impairment(s) that substantially limits one or more major life activities. She both has a record of such impairment and, upon information and belief, was regarded by her employer as being so impaired.

45. Plaintiff alleges that Defendant unlawfully and discriminatorily constructively terminated Plaintiff's employment on account of her disability in violation of the laws of the state of Florida, Florida Civil Rights Act, Florida Statutes § 760 et seq., justifying an award, inter alia, of back pay, front pay, interest benefits, special damages, compensatory and punitive damages against said Defendant.

## COUNT III: DISABILITY DISCRIMINATION

46. Plaintiff reavers and incorporates by reference all of the allegations set forth in paragraphs 12 through 35 herein.

47.     Plaintiff suffers from a physical impairment(s) that substantially limits one or more major life activities.  She both has a record of such impairment and, upon information and belief, was regarded by his employer as being so impaired.

48.     Plaintiff's disability(ies) were a determining factor in Defendant's decision to terminate her.

49.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of her disabilities in violation of the ADAAA.  In addition, she avers that Defendant's unlawful and discriminatory termination of her employment on account of her diability violates the provisions of the ADA Amendments Act of 2008, as amended, 42 U.S.C. § 12101 et seq., justifying an award, inter alia, of backpay, front pay, benefits and compensatory and liquidated damages against Defendant.

## COUNT IV: SEX DISCRIMINATION

50.     Plaintiff restates, realleges, revers and hereby incorporates by reference any and all allegations of paragraphs 12 through 35, inclusive, herein.

51.     Plaintiff alleges that Defendant unlawfully and discriminatorily constructively terminated Plaintiff's employment on account of her sex, female, in violation of the laws of the state of Florida, Florida Civil Rights Act, Florida Statutes § 760 et seq., justifying an award, inter alia, of back pay, front pay, interest benefits, special damages, compensatory and punitive damages against said Defendant.

## COUNT V: SEX DISCRIMINATION

52.     Plaintiff reavers and incorporates by reference all of the allegations set forth in paragraphs 12 through 35 herein.

53.     Plaintiff's sex (female) was a determining factor in Defendant's decision to terminate her.

54.     Defendant knowingly and willfully discriminated against Plaintiff on the basis of her sex (female) in violation of the Civil Rights Act of 1964.  In addition, she avers that Defendant's unlawful and discriminatory constructive termination of her employment on account of her gender violates the provisions of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 20003 et seq., justifying an award, inter alia, of backpay, front pay, benefits and compensatory and liquidated damages against Defendant.

## COUNT VI: RACIAL DISCRIMINATION: VIOLATION OF F.S. § 760.10 RACE

55.     Plaintiff Warren alleges and incorporates in this Count VI paragraphs 12-35.

56.     Plaintiff Warren's race was a or the determining factor in Defendant's decision to terminate her employment as a records clerk.

57.     Defendants knowingly, willfully, maliciously and recklessly discriminated against Plaintiff Warren on the basis of her race, African American, in violation of the Florida Civil Rights Act as amended.  As a direct result of this discriminatory conduct, Plaintiff Warren has suffered mental anguish, emotional harm, harm to her reputation, loss of capacity for enjoyment of life, loss of gainful employment, loss of earnings and income, and loss of valuable employment benefits.

## COUNT VII: RACIAL DISCRIMINATION: VIOLATION OF THE CIVIL
## RIGHTS ACT OF 1964

58.   Plaintiff Warren alleges and incorporates in this Count VII paragraphs 12-35.

59.   Plaintiff Warren's race was a or the determining factor in Defendants' decision to terminate her employment as a records clerk.

60.   Defendants knowingly, willfully, maliciously and recklessly discriminated against Plaintiff Warren on the basis of her race, African American, in violation of the Civil Rights Act of 1964 2 U.S.C. § 2000e-2 *et sec.* as amended.  As a direct result, of this discriminatory conduct, Plaintiff Warren has suffered mental anguish, emotional harm, harm to her reputation, loss of capacity for enjoyment of life, loss of gainful employment, loss of earnings and income, and loss of valuable employment benefits.

## COUNT VIII: NEGLIGENT RETENTION

61.  During the employment of Lt. William Mustane, Defendant became aware of problems with this employee, namely discrimination against African Americans, that indicated his unfitness.

62.  Defendant failed to take further action, such as discharge.

63.  See *Metropolitan Dade County v. Martino*, 710 So.2d 20 (Fla. 3d DCA 1998) and *Watson v. City of Hialeah*, 552 So.2d 1146 (Fla. 3d DCA 1989).

## DAMAGES

64. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, payment for insurance and various other expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## INJUNCTIVE RELIEF

65. Plaintiff restates, realleges, reavers and hereby incorporates by reference any and all allegations of paragraphs 12 through 35, inclusive, herein. In addition, Plaintiff alleges that Defendant' s discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with law. It is suggested that the injunction be specific in enjoining Defendant and its employees, agents and representatives.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully prays for judgment against Defendant as follows:

For a money judgment representing compensatory damages, including, lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

For a money judgment representing punitive damages for Defendant' s willful violations of law; liquidated (compensatory) damages pursuant to 29 U.S.C. §626(b);

For a money judgment representing prejudgment interest, if applicable;

Reinstatement and restoration of benefits upon conditions that Plaintiff and supervisors be enjoined to comply with the law.

That this Court retain jurisdiction over this action until Defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable provisions;

For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, medical expenses, and loss of retirement benefits;

For suit costs, including an award for reasonable attorney's fees, expert fees; and for such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff herein demands a trial by jury of all issues in this Action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated this 9th day of October, 2019.

_____

Kevin F. Sanderson, Esq.
Florida Bar No. 0598488
Kevin F. Sanderson, Chartered
7717 Holiday Drive
Sarasota, Florida 34321

Tel: (941) 444-1548
Fax: (941) 924-0086
kevin@srqattorney.com
Trial Attorney for Plaintiff