UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA,
FORT MYERS DIVISION

SUZETTE G. SCOTT WARREN
    Plaintiff,

CASE NO.: 2:19-cv-736FtM-60NPM

v.

CITY OF FORT MYERS, FLORIDA
a Florida Municipal Subdivision,
    Defendant.
_____/

## DEFENDANT, CITY OF FORT MYERS', MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, City of Fort Myers, hereinafter ("Defendant"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b), files this Motion to Dismiss Plaintiff, Suzette G. Scott Warren's (hereinafter the "Plaintiff"), Amended Complaint and Incorporated Memorandum of Law, and in support thereof would state as follows:

1. On October 9, 2019, Plaintiff, Suzette G. Scott Warren, filed a complaint (Doc 1) naming Defendant, City of Fort Myers.

2. The original Complaint was amended On December 1, 2019 (Doc 10).

3. Plaintiff, Suzette G. Scott Warren, alleges that she was deprived of constitutional rights secured by the Civil Rights Act of 1964, 42 U.S.C. 2000; the Florida Civil Rights Act F.S. 760.10 and the ADA Amendments Act of 2008; 42 U.S.C. ch. 126 § 12101 et seq.

4. In her Complaint, the Plaintiff has attempted to set forth the following causes of action against Defendant:

    Count I:        Retaliation

    Count II:       Disability Discrimination

    Count III:      Disability Discrimination

| | | |
|---|---|---|
| Count IV: | | Sex Discrimination |
| Count V: | | Sex Discrimination |
| Count VI: | | Racial Discrimination: Violation of F.S. § 760.10 |
| Count VII: | | Racial Discrimination: Violation of the Civil Rights Act of 1964 |
| Count VIII: | | Negligent Retention |

5. The Plaintiff's claims against Defendant are subject to dismissal for the following reasons:

   I. The Plaintiff has failed to bring forth suit against the appropriate party as the City of Fort Myers is a Florida municipal corporation, and not a political subdivision of the state of Florida.

   II. The Plaintiff has failed to state a claim.

   III. Municipalities are not liable for punitive damages.

WHEREFORE, the Defendant, City of Fort Myers, respectfully requests that this Court enter an order dismissing the Plaintiff's Amended Complaint against Defendant and granting such additional relief as is deemed just, including the aware of attorney's fees and costs.

## MEMORANDUM OF LAW

**I.   The Plaintiff has failed to bring forth suit against the appropriate party**

In Plaintiff's First Amended Complaint (Doc 10), dated December 1, 2019, Plaintiff improperly names the Defendant in the case style as a Florida municipal subdivision. Plaintiff then commits an additional misnomer by stating that "Defendant is a church, a Florida city…" (Doc 10 at ¶ 4). Finally, Plaintiff attempts to establish proper venue as "The unlawful employment practices … were within the state of Florida, in Sarasota." (Doc 10 at ¶ 9).

The City of Fort Myers is a municipality in the State of Florida. Municipalities are distinguished from counties in Florida in that municipalities are not political subdivisions. 12A Fla. Jur. 2d Counties, Etc. § 4. *While counties are, under the Florida Constitution, political subdivisions of the State, municipalities are not…[m]unicipalities are established in separately described areas containing inhabitants whose interest require special governmental opportunities not afforded by state and county units. In other words, they are legal entities established for local governmental purposes.* Id.

In *Barry v. Garcia,* 573 So.2d 932, 1937 (1991) (citing *Tampa v. Easton*, 145 Fla. 188, 191 (1940)), the court recognized:

> "Unlike a county, a municipality is not a subdivision of the State with subordinate attributes of sovereignty in the performance of governmental functions and correlative limited privileges, immunities and exemptions for the negligence of its employees ... [It] is a legal entity consisting of a population and defined area, with such governmental functions and also corporate public improvement authority as may be conferred by law in a charter or other legislative enactment under the [Florida] Constitution.

In the instant matter, the Plaintiff is suing the wrong party as the City of Fort Myers is wrongly named as "a Florida municipal subdivision". Additionally, the Complaint improperly characterizes the Defendant as "a church" (Doc 10 at ¶ 4) and states that Defendant is operating in Sarasota, Florida (Doc 10 at ¶ 9). Defendant is a municipal corporation operating in Fort Myers, Florida.

## II.   Plaintiff has failed to state a claim.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed if a Plaintiff fails to state a claim upon which relief can be granted. The United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), prescribes the general standard for deciding Rule 12(b)(6) motions. *Twombly* holds that [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds" of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 561-63 (internal citations omitted).

A complaint may survive a Rule 12(b)(6) motion only if it contains sufficient factual allegations to render the alleged claim "plausible on its face." *Id*. At 562. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The mere possibility that the Defendant acted unlawfully is insufficient to allow a Plaintiff to survive a Motion to Dismiss. *Id*. The well-pled allegation must nudge a claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Where a plaintiff fails to allege sufficient facts necessary to sustain the above burden, the claim must be dismissed. *Id*.

Plaintiff's claims are defective. Plaintiff summarily claims that she was discriminated and retaliated against. Plaintiff also fails to make a compelling argument for any adverse employment action. Plaintiff's civil rights claims against the City must fail as Plaintiff has not alleged an official policy or custom of the City that caused Plaintiff's alleged constitutional deprivation.

To establish a case of employment discrimination, Plaintiff must show that she is a member of a protected group and that the employer took an employment action against her because she is a member of that group.  Title VII of the Civil Rights Act of 1964 makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  The courts make clear that this language ultimately requires the presence of an "adverse employment action." To qualify as an adverse employment action, the action must be both subjectively and objectively adverse.

In the instant matter, the Plaintiff alleges discrimination as a result of disability, sex and race.  The series of events alleged in the complaint stem from a single incident wherein Plaintiff alleges that she felt uncomfortable after being told to adjust her uniform by a male supervising employee, Lt. William Musante (Doc 10 at ¶ 33).  While Plaintiff reiterates statements made by a co-worker as to race (Doc 10 at ¶ 15) and alleges that she presented with some disabilities; Plaintiff fails to create a causal link between the statement of the co-worker and the alleged adverse action of ultimate loss of employment.  Plaintiff attempts to create a cursory timeline suggesting that the series of events surrounding her employment and ultimate termination was a discriminatory act based solely on her race, sex and disability.  Defendant asserts that Plaintiff's description of the events surrounding her employment and ultimate termination show strict proof that due care was taken on the part of Defendant to (1) investigate the allegations made by the Plaintiff, (2) provide proper additional training following a poor performance review through the production of a training performance plan designed to assist Plaintiff in meeting the requirements of her position and (3) putting Plaintiff on paid leave during the pendency of the investigation for the purpose of

completing the investigation without contributing the any alleged sentiment of discomfort on the part of the Plaintiff. Defendant also requests that the Court take notice that Plaintiff's request for FMLA leave was granted, further disproving Plaintiff's claim of adverse employment action.

Defendant further asserts that Plaintiff fails to create a causal link between her ultimate termination of employment as a result of a violation of each respective protected class, i.e. sex, race, disability. Plaintiff accuses Defendant of adverse employment actions as a result of her being a member of each class yet fails to meet the pleading standard of facial plausibility that any actions taken by Defendant were as a result of her class member status. The fact that Defendant considered request(s) for FMLA leave and was aware of Plaintiff's disabilities neither sufficiently evidences any misconduct on the part of the Defendant nor establishes a causal link of discrimination based protected class member status. To successfully allege a claim for retaliation, a plaintiff must show that (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some causal relationship between the two events. *Holfield v. Renoe*, 115 F.3d 1555, 1566 (11th Cir. 1997). Plaintiff merely states that she is member of each class and then lists a series of events which do not necessarily evidence that from either a subjective or objective perspective the actions taken were as a result of a practice, policy or intent to discriminate against the employee.

**III.    Municipalities are not liable for punitive damages.**

**Florida Civil Rights/ Torts:**

Florida Statutes §768.28 provides a limited waiver of sovereign immunity for certain tort claims against governmental entities, which includes the City of Fort Myers. Florida Statutes §768.28(5) specifically provides that "(t)he state and its agencies and subdivisions shall be liable

for tort claims in the same manner and to the same extent as a private individual under like circumstances, *but liability shall not include punitive damages* or interest for the period before judgment." (emphasis added.)  When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, the statute must be given its plain and obvious meaning. *Davila v. State, 75 So. 3d 192 (Fla. 2011).*  Under Florida law, where statute is unambiguous on its face, courts will not look behind statute's plain language to ascertain meaning. *Miller v. Anheuser Busch, Inc., 591 F. Supp. 2d 1377 (S.D. Fla. 2008).*  Under Florida law, when statutory language is clear, courts have no occasion to resort to rules of construction—they must read the statute as written, for to do otherwise would constitute an abrogation of legislative power. *Rauen v. City of Miami,* 613 F. Supp. 2d 1324 (S.D. Fla. 2007).

Because the plain language of the statute specifically does not waive sovereign immunity regarding punitive damages in tort claims against a municipality, the Plaintiff has no legal basis for seeking punitive damages in the instant matter.

Florida Statutes §760.11 sets forth administrative and civil remedies under the Florida Civil Rights Act.  Florida Statutes §760.11(5) states that a court may award "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages.." however, "…the state and its agencies and subdivisions shall *not be liable for punitive damages*." (emphasis added).  Therefore, the Plaintiff may not claim punitive damages from Defendant City of fort Myers under the Florida Civil Rights Act in the instant matter.

The Florida Civil Rights Act is patterned after Title VII, and therefore, federal case law regarding Title VII is applicable in case brought under Florida Civil Rights Act. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.; West's F.S.A. § 760.01 et

seq. *Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028 (Fla. 1st DCA 2002) The Court again begins with the proposition that federal case law construing Title VII is persuasive authority for interpretation of the FCRA, since the FCRA mirrors and is patterned after Title VII. *Harper*, 139 F.3d at 1387; *Vickers*, 132 F.Supp.2d at 1377; *McKenzie*, 40 F.Supp.2d at 1374 n. 1; *King*, 21 F.Supp.2d at 1374 n. 4; *Resley*, 989 F.Supp. at 1446-47; *Bryant*, 586 So.2d at 1209. *Mousa v. Lauda Air Luftfahrt, A.G.*, 258 F. Supp. 2d 1329, 1341 (S.D. Fla. 2003).

**Federal Civil Rights/Torts:**

The general rule is that punitive damages are not allowed against a municipality unless expressly authorized by statute. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

In *Healy v. Town of Pembroke Park*, 831 F.2d 989, 991 (11th Cir. 1987), the court ruled that punitive damages are not available under § 1983 against the Town, because it is a municipality and public policy does not support imposing damages that punish the innocent citizens . *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). *Healy v. Town of Pembroke Park*, 831 F.2d 989, 991 (11th Cir. 1987). The Supreme Court has held that municipalities are immune from punitive damages except where expressly authorized by statute. *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-63, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Title VII, § 1981, and § 1983 do not provide for punitive damages against municipalities. *Brown v. Baldwin Union Free Sch. Dist.*, 603 F. Supp. 2d 509, 518 (E.D.N.Y. 2009) Accordingly, pursuant to the rulings in *City of Newport* and *Healy*, because Title VII does not expressly authorize punitive damages and the Defendant is a governmental entity, the Plaintiff has no legal basis for seeking punitive damages in the instant matter.

WHEREFORE, Defendant, City of Fort Myers, respectfully requests this Honorable Court enter an order dismissing Plaintiff's Complaint as to Defendant, City of Fort Myers, based on the above grounds and grant any other relief deemed just, including but not limited to attorneys' fees.

Respectfully submitted,

*/s/ Grant Williams Alley*
Grant Williams Alley, City Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 23, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/EFC system which will send a notice of electronic filing to Kevin F. Sanderson, Esq. of Kevin F. Sanderson, Chartered at kevin@srqattorney.com.

*/s/ Grant Williams Alley*
Grant Williams Alley, City Attorney
Florida Bar No. 967386
City of Fort Myers
1820 Hendry Street
Fort Myers, Florida 33901 (Delivery)
Post Office Box 2217
Fort Myers, Florida 33902 (Mail)
Phone: 239-321-7640
Fax: 239-344-0050
Email: galley@cityftmyers.com
Email: sramirez@cityftmyers.com
Email: LegalService@cityftmyers.com (Service Only)