UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Suzette G. Scott Warren,                                    Civ. No. 2:19-736-FtM-TPB-NPM

        Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

City of Fort Myers, Florida,

        Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss.  For the following reasons, the Motion is granted.

Plaintiff Suzette G. Scott Warren filed this lawsuit claiming that her former employer, Defendant City of Ft. Myers, discriminated and retaliated against her because of her gender, race,[1] and disabilities, in violation of state and federal law.  Her Amended Complaint (Docket No. 10) is hardly a model of clarity, and the City now asks the Court to dismiss it for failure to plead the proper party and failure to state claims on which relief can be granted.  Plaintiff acknowledges typographical errors in the pleading—as but one example, the Amended Complaint alleges that Defendant is "a church a Florida city" (Am. Comp. ¶ 4)—but contends that the pleading sufficiently states claims on which relief can be granted.

_____

[1] The Amended Complaint initially contends that Plaintiff claims only disability and gender discrimination (Am. Compl. ¶ 1), but Counts VI and VII raise claims for racial discrimination.  (Id. ¶¶ 69-74.)

As an initial matter, the City points to substantial authority holding that municipalities are not liable for punitive damages. (Def.'s Supp. Mem. at 6-8.) Plaintiff did not respond to this argument in her opposition, thus apparently conceding that her claims for punitive damages are inappropriate. (See Am. Compl. ¶¶ 59, 65, 79.) This aspect of her Amended Complaint will therefore be dismissed with prejudice.

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

The Amended Complaint falls woefully short of even these lenient standards. As the City first argues, Plaintiff sues the City as a Florida Municipal Subdivision, rather than as a municipal corporation, which is the City's proper status. Plaintiff attempts to excuse this failure as a simple typographical error, but the status of the entity being sued is an important aspect of a claim, and one which the Court expects a represented party to plead correctly.

But even had Plaintiff correctly named the party she is suing, and even had she edited her pleading to remove typographical and other sloppy errors, her claims are nearly

incomprehensible.  She claims she was put on a performance plan but does not explain whether she believes that performance plan was somehow in retaliation for protected activity, or whether the performance plan was itself a discriminatory act.  (Am. Compl. ¶ 16.)  She alleges that she made a public records request "the same day" but the preceding paragraph contains no date reference whatsoever.  (Id. ¶ 17.)  She asserts that she filed a complaint against five of her female co-workers who were allegedly creating a hostile work environment in February 2017 (id. ¶ 18), but does not explain how this written complaint allegedly led to her termination two years later.  There are no allegations that she suffered from a disability under the Americans with Disabilities Act or how the City allegedly discriminated against her with respect to such unnamed disability.  In short, her pleading is so general, failing even to set forth the events alleged in any logical manner, that the City cannot be expected to respond to her allegations.

Plaintiff apparently believes that because the City, and specifically her police-department employer, has been sued for civil-rights violations several times in the past few years, her claims have merit.  But she is required to set forth more facts than quotes from news stories about other lawsuits and other individuals' allegations.  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  The Amended Complaint fails to meet this standard.

The Court will allow Plaintiff one final attempt to replead her claims.  She should correct the typographical errors in the Amended Complaint, and she must set forth all facts

in support of her claims in a manner that allows the City and the Court to determine when such facts allegedly took place, as well as who was involved.  She must do more than allege discrimination: because she has sued a municipal entity, she must also plausibly allege that the discrimination occurred pursuant to a municipal policy or custom.  And she must allege each element of her causes of action, including the specific disability or disabilities she claims.  Failure to sufficiently allege her claims on this third opportunity to do so may result in a dismissal without opportunity to re-plead.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Motion to Dismiss (Docket No. 11) is **GRANTED**;

2. Plaintiff's claim for punitive damages is **DISMISSED with prejudice**;

3. The remaining claims in the Amended Complaint (Docket No. 10) are **DISMISSED without prejudice**; and

4. Plaintiff may file a Second Amended Complaint within 30 days of the date of this Order, correcting the deficiencies in the Amended Complaint.

Dated:   April 14, 2020

_s/Paul A. Magnuson_
Paul A. Magnuson
United States District Court Judge