UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUZETTE G. SCOTT WARREN,

    Plaintiff,

v.                                                        Case No. 2:19-cv-00736-JLB-NPM

CITY OF FORT MYERS, FLORIDA,

    Defendant.
_____/

## ORDER

This is a discrimination suit brought by Plaintiff Suzette G. Scott Warren against her former employer, the City of Fort Myers ("the City"). Count IV of the Second Amended Complaint alleges a claim under Florida law for negligent retention. (Doc. 25 at ¶¶ 66–69.) The City moves to dismiss Count IV for failure to state a claim. Fed. R. Civ. P. 12(b)(6). After viewing Ms. Warren's pleaded facts supporting Count IV in the light most favorable to her, the Court concludes that they do not plausibly satisfy the requirements of Florida's impact rule. The Court therefore **GRANTS** the City's motion (Doc. 26) and **DISMISSES** Count IV of Ms. Warren's Second Amended Complaint without prejudice.

### BACKGROUND

The facts set forth in Ms. Warren's Second Amended Complaint are not all that clear, and they were not all that clear in her prior complaint dismissed by this Court. (Doc. 24.) The facts viewed in the light most favorable to Ms. Warren and germane to Count IV are as follows: Ms. Warren, an African American woman,

began working as a records clerk for the City's police department on or around November 3, 2016. (Doc. 25 at ¶¶ 2, 11.)

Ms. Warren alleges she was sexually harassed and subjected to retaliation by a supervisor named Lieutenant William Musante. (Id. at ¶ 22.) She further alleges that the City was aware of problems with Lt. Musante, "namely discrimination against African Americans that indicated his unfitness"; that the City "had a duty to supervise its employee adequately"; and that the City breached its duty "by fail[ing] to take further action [against Lt. Musante], such as discharge." (Id. at ¶¶ 67-68.) Ms. Warren concludes that the City's negligence with regard to Lt. Musante "caused Plaintiff's damages." (Id. at ¶ 68.)

As to specific details of Lt. Musante's alleged improper conduct towards Ms. Warren, the Second Amended Complaint alleges an incident on January 29, 2018. Ms. Warren alleges she was called into the office of Lt. Musante that day, who performed what Ms. Warren describes as a "uniform inspection involving her sweater." (Id. at ¶¶ 23, 53.) Ms. Warren states she felt "very uncomfortable" and reported her feelings to a supervisor.[1] (Doc. 25-1 at 2.)

The next day, the supervisor escorted Ms. Warren back to Lt. Musante's office for a meeting, where Lt. Musante was "extremely upset" and accused Ms. Warren of not "lik[ing] how [he] did [his] job." (Id.) Ms. Warren responded that she was not criticizing his job; she simply felt uncomfortable during the "uniform

---

[1] The Second Amended Complaint also discusses a prior incident where Lt. Musante apparently told Ms. Warren to "pull up the zipper on her skirt" in front of a group of co-workers. (Doc. 25 at ¶ 27.)

2

inspection" and "would rather have a female do it." (Id.) The meeting caused Ms. Warren additional discomfort because she was forced to confront Lt. Musante, who was "extremely upset" and "had a gun." (Id.) After the meeting, Ms. Warren had a "panic attack" that resulted in her taking medical leave, during which a preexisting back injury of hers was reaggravated. (Doc. 25 at ¶¶ 40–41.) The City ultimately terminated Ms. Warren's employment while she was on her medical leave. (Id. at ¶ 36.)

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998)). To survive dismissal for failure to state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard does not demand "detailed factual allegations," it nevertheless requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). In other words, the complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556).

**DISCUSSION**

The City argues that Count IV (negligent retention) should be dismissed for two reasons: (1) a claim for negligent retention requires an underlying common-law tort, and there is no common-law duty in Florida for employers to maintain a workplace free of discrimination; and (2) Ms. Warren's negligent retention claim is barred by Florida's impact rule, which requires a physical impact before a plaintiff can recover for emotional distress.  (Doc. 26 at 3–6.)  The Court declines to address the City's first argument,[2] but the Court agrees with its second argument.

---

[2] The Court notes that the idea of a Florida negligent retention claim requiring an underlying common-law tort appears to originate in an opinion by another court in this district, Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327 (M.D. Fla. 1999), which cited: (1) an opinion by a district court in Tennessee; and (2) an opinion by a Florida intermediate appellate court that does not seem to obviously support this proposition.  Id. at 1348 (citing Hays v. Patton–Tully Transp. Co., 844 F. Supp. 1221, 1221–24 (W.D. Tenn. 1993), and Williams v. Feather Sound, Inc., 386 So. 2d 1238, 1239–40 (Fla. 2d DCA 1980)).  The Florida Supreme Court has explained that a claim for negligence "may be based on a violation of any other statute [including, presumably, federal antidiscrimination statutes] which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury."  deJesus v. Seaboard Coast Line R.R., 281 So. 2d 198, 201 (Fla. 1973).  The Florida Supreme Court also has recognized that "a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others" and that "statute books and case law . . . are not required to catalog and expressly proscribe every conceivable risk in order for it to give rise to a duty of care."  McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992).  Finally, some courts have distinguished between "sexual harassment" as a stand-alone tort and negligent retention claims premised on sexual harassment, noting that, while the former is not a recognized cause of action under Florida law, the latter is.  See Sullivan v. Lake Region Yacht & Country Club, Inc., No. 97-1464-CIV-T-17A, 1997 WL 689799, at *3 (M.D. Fla. Oct. 21, 1997) ("Unlike the non-existence of a common law tort of sexual harassment, Florida does recognize a common law tort for negligent retention.").  In short, the law does not appear to favor the City's first argument.

4

Florida's impact rule requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries sustained in an impact." R.J. v. Humana of Fla., Inc., 652 So.2d 360, 362 (Fla.1995) (citation omitted). The Florida Supreme Court has offered numerous justifications for the impact rule, including: (1) emotional harm may not align with traditional tort law damage principles; (2) difficulty in proving various elements of negligence; and (3) the possibility that abolishing the rule may result in a flood of litigation. See Rowell v. Holt, 850 So. 2d 474, 478 (Fla. 2003). The exceptions to the impact rule are few and narrowly tailored. See R.J., 652 So. 2d at 363 (listing as exceptions cases involving intentional torts, perception of injuries imposed upon a close family member, and wrongful birth).

Florida courts apply the impact rule to negligent retention cases, as they would to any negligence theory that does not fit into the rule's exceptions. See G4S Secure Sols. USA, Inc. v. Golzar, 208 So. 3d 204, 209–10 (Fla. 3d DCA 2016); see also Greenacre Props., Inc. v. Rao, 933 So. 2d 19, 25 (Fla. 2d DCA 2006) ("[T]his doctrine generally requires proof of a physical injury or illness before a plaintiff is permitted to recover any type of damages awardable under a negligence theory." (emphasis added)). At least one Florida court has suggested that relief for negligent retention is not limited to non-economic damages. G4S Secure Sols. USA, Inc., 208 So. 3d at 208. The court therefore stated that it "does not view the torts of

5

negligent hiring, negligent retention, and negligent supervision as torts in which the only foreseeable damages are non-economic damages." Id. (emphasis added).

But even though Florida law allows recovery for economic damages resulting from negligent retention, Ms. Warren has not adequately alleged such damages here. Count IV contains only a vague reference to "damages" suffered by Ms. Warren (Doc. 25 at ¶ 68), without explaining what those damages are. And while the Second Amended Complaint contains an overarching prayer for relief that asserts a right to recover certain lost wages and employment benefits, Ms. Warren has not alleged facts from which the Court can plausibly infer that those economic damages arise out of her negligent retention claim. At best, those damages seem indirectly related to that claim in the sense that they arise out of Ms. Warren's emotional distress from the City's negligent retention of Lt. Mussante. But even if that is the case, the impact rule would still apply. See Rao, 933 So. 2d at 25; see also Champion v. Gray, 478 So. 2d 17, 20 (Fla. 1985) ("We perceive that the public policy of this state is to compensate for physical injuries, with attendant lost wages, and physical and mental suffering which flow from the consequences of the physical injuries." (emphasis added)), receded from on other grounds, Zell v. Meek, 665 So. 2d 1048, 1054 (Fla. 1995).

Having concluded that Florida's impact rule applies to Ms. Warren's negligent retention claim, the Court turns to whether she has plausibly alleged a physical impact to [her]." Zell, 665 So. 2d at 1050 n.1. "The essence of impact . . . is that [an] outside force or substance, no matter how large or small, visible or

6

invisible, and no matter that the effects are not immediately deleterious, touch or enter into the plaintiff's body." Eagle–Picher Indus., Inc. v. Cox, 481 So. 2d 517 (Fla. 3d DCA 1985) (holding that inhalation of asbestos fibers constituted an impact).[3]

Here, Ms. Warren alleges that Lt. Musante harassed her by performing an "uniform inspection involving her sweater." (Doc. 25 at ¶¶ 23, 53.) The Second Amended Complaint does not contain any allegations (or facts from which the Court may infer) the nature of this "inspection." The EEOC administrative charge attached to the Second Amended Complaint likewise does not contain any allegations from which the Court could infer that an impact occurred. (Doc. 25-1.) Although the Court certainly does not require lurid or embarrassing details, there is nothing on the face of the Second Amended Complaint to suggest that an "impact" occurred as a result of this interaction (or any other). The Second Amended Complaint does allege that Ms. Warren's preexisting back injury was reaggravated while she was on medical leave. (Doc. 25 at ¶41.) But an impact that indirectly results from the alleged tort does not satisfy the rule. See Gonzalez-Jimenez de Ruiz v. United States, 231 F. Supp. 2d 1187, 1201 (M.D. Fla. 2002) (holding that aggravation of preexisting diabetes and asthma through emotional distress did not satisfy impact rule), aff'd, 378 F.3d 1229 (11th Cir. 2004); see also LeGrande v.

---

[3] In footnote 1 of Zell, the Florida Supreme Court adopted Eagle-Picher's "slight requirements" for impact. 665 So. 2d at 1050 n.1. Although the footnote discusses older cases where a stricter damage-based standard was employed, the "slight requirements" of Zell were reaffirmed in Willis v. Gami Golden Glades, LLC, 967 So. 2d 846, 850 (Fla. 2007) (per curiam).

Emmanuel, 889 So. 2d 991, 995 (Fla. 3d DCA 2004) (finding that aggravation of preexisting diabetes, among other things, was "wholly insufficient to state a cause of action for the negligent infliction of emotional distress").

While some impact-rule issues may not be resolved without considering evidence at a later stage in the proceedings, others may appropriately be addressed at the pleading stage.  Compare Weld v. Se. Cos., 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998) (granting motion to dismiss negligent supervision claim based on impact rule), with Heimler v. Walgreen Co., No. 14-14043-CIV, 2014 WL 12774849, at *7 (S.D. Fla. Sept. 22, 2014) (denying motion to dismiss based on impact rule due to factual issues that could not be addressed at the pleading phase).  Here, there is not enough "factual content" in the Second Amended Complaint to allow this Court "to draw the reasonable inference" that Ms. Warren's negligence claim could survive the impact rule or fall into one of the rule's narrowly tailored exceptions.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

Without any facts from which to infer that the impact rule has been satisfied, the Court must dismiss Count IV.  However, because Ms. Warren could potentially satisfy the impact rule by providing the Court with additional facts, the dismissal shall be without prejudice.

Accordingly, it is **ORDERED**:

1. The City's motion to dismiss Count IV of the Second Amended Complaint, (Doc. 26), is **GRANTED.**
2. Count IV is **DISMISSED WITHOUT PREJUDICE.**

3. **No later than January 25, 2021,** the City shall answer Ms. Warren's Second Amended Complaint

**ORDERED** in Fort Myers, Florida, January 11**,** 2021

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE